**Affirm as Modified and Opinion Filed May 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00247-CR**

**ZAMON MADDEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2075054-N**

**MEMORANDUM OPINION**

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Partida-Kipness

In his sole issue, appellant Zamon Madden seeks modification to his judgment

of conviction. The State agrees with Madden's requested modification and seeks two

additional modifications to the judgment. We affirm as modified.

**BACKGROUND**

Madden was indicted for continuous sexual abuse of a young child. *See* TEX.

PENAL CODE § 21.02. Madden waived his right to a jury trial, pleaded not guilty, and

proceeded to trial before the court after rejecting the State's plea-bargain offer. After

hearing the evidence, the trial court found Madden guilty of the offense as charged

in the indictment. At sentencing, Madden requested to change his plea from not guilty to guilty. The trial court denied his request and sentenced him to twenty-five years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. This appeal followed.

## ANALYSIS

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Shuler v. State*, 650 S.W.3d 683, 686 (Tex. App.—Dallas 2022, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). When the oral pronouncement and the written judgment conflict, the remedy is to reform the judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). In our review of the record, we sustain Madden's issue, as well as the State's cross-appeal issue.

Madden asks us to correct the judgment to properly reflect that he pleaded not guilty without a plea bargain. The State agrees and joins Madden's request to modify the judgment to delete the finding of "guilty" under the section titled "Plea to Offense." Madden also requests we delete the finding under "Terms of Plea Bargain" which states "25 years TDC." There was no plea bargain in this case and we agree

–2–

that finding should also be deleted. We sustain Madden's sole issue and modify the judgment.

The State raises a cross-issue that the judgment contains two additional errors. It believes the judgment fails to state the complainant's age in the section addressing sex-offender registration and fails to include the special finding that the complainant was younger than fourteen at the time of the offense. A judgment of conviction for an offense that requires sex-offender registration must contain the age of the victim. TEX. CODE CRIM. PROC. art. 42.01, § 1(27). Because Madden's continuous sexual abuse of a young child qualifies as a registrable offense, the judgment must state the victim's age. *See id*. art. 62.001(5)(A). The judgment lists the complainant's age as "N/A," instead of stating the complainant was under the age of fourteen. We sustain the State's cross-issue and modify the judgment to state "The age of the victim at the time of the offense was under the age of fourteen."

The State also requests that the judgment include a special finding stating the complainant was "less than fourteen at the time of the offense." For sexually violent offenses, the judge "shall make an affirmative finding of fact and enter the affirmative finding in the judgment if the judge determines that the victim or intended victim was younger than 14 years of age at the time of the offense." *Id.* art. 42.015(b). The affirmative finding that the complainant was younger than fourteen triggers the prohibited-employment provisions of the sex-offender-registration program. *Id*. art. 62.063(b). The State argues the trial court should have entered the

following into the special findings section: "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense." *See Vasquez v. State*, No-05-20-00116-CR, 2022 WL 2951667, at \*8 (Tex. App.—Dallas July 26, 2022, no pet. h.) (mem. op., not designated for publication). We agree and modify the judgment accordingly.

We sustain Madden's sole issue, sustain the State's two cross-appeal issues, and modify the judgment accordingly.

## CONCLUSION

Under this record, we find the judgment should be modified to delete the finding of "guilty" under the section titled "Plea to Offense" and show a plea of "not guilty," delete the finding under "Terms of Plea Bargain" which states "25 years TDC," modify to state "The age of the victim at the time of the offense was under the age of fourteen," and add a special finding stating, "The Court affirmatively finds that the victim was younger than fourteen years of age at the time of the offense." We sustain Madden's sole issue, the State's cross-appeal issue, and affirm the judgment as modified.

|  | /Robbie Partida-Kipness/ |
|---|---|
| 220247f.u05 | ROBBIE PARTIDA-KIPNESS |
| Do Not Publish | JUSTICE |
| TEX. R. APP. P. 47.2(b). | |

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZAMON MADDEN, Appellant

No. 05-22-00247-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2075054-N. Opinion delivered by Justice Partida-Kipness. Justices Nowell and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

delete the finding of "guilty" and replace with "not guilty" under the section titled "Plea to Offense," delete the finding under "Terms of Plea Bargain" which states "25 years TDC," modify to state "The age of the victim at the time of the offense was under the age of fourteen," and add a special finding stating, "The Court affirmatively finds that the victim or intended victim was younger than fourteen years of age at the time of the offense."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 15th day of May 2023.